# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

In re
**CHARLES EDWARD LINCOLN,**
Debtor

Chapter 7
Case No. 09-10340-JNF

## ORDER

On January 17, 2009, the Court received a petition filed under Chapter 7 of the Bankruptcy Code in which the debtor listed the name of "**Lincoln, Charles Edward (Peyton Y Freiman Trustee)** [sic]." Additionally, the petition set forth another name used by the debtor within the past eight years: "**Charles Lincoln for Tierra Limpia Trust.**" The Debtor listed an address as 16 Trowbridge # 12, Cambridge, MA 02138, but set forth a mailing address as follows: "c/o Peyton Freiman 603 Elmwood, #6, Austin TX."

On January 22, 2009, this Court order Peyton Freiman and Charles Edward Lincoln to provide a written statement containing the debtor's exact name, as well as a specific description of its form of organization and a copy of the trust instrument establishing that the trust is an eligible debtor. *See* 11 U.S.C. §§ 101(9)(A)(v) and 109.

On January 22, 2009, Tierria [sic] Limpia Trust, represented by Peyton Freiman, filed a Motion to Amend Voluntary Petition, stating the following:

> Peyton Freiman as trustee filed the petition . . . under the impression that Tierra Limpia Trust would be considered the debtor. Noting the unusual nature of the petition he was uncertain as to who would be considered the

1

debtor. The Beneficiary of said trust, Charles Edward Lincoln, III, incorrectly signed the petition as joint debtor, realizing later that the trust can really on be represented by it's [sic] Trustee, Peyton Freiman.

On January 30, 2009, the Tierra Limpia Trust filed a response to the Court's order "to clarify, amend and certify that the debtor's name . . . is Tierra Limpia Trust," adding

> The trust itself has never been formally incorporated pursuant to Texas law (where it was originally formed and granted by Charles Lincoln) but within the meaning of "corporation" as defined in 11 USC 109(9)(A)(v) the Tierra Limpia trust qualifies as a corporation for relief under bankruptcy law. The trust instrument itself is entitled "Charles Edward Lincoln for Tierra Limpia", but for our purposes, it will be called simply "Tierra Limpia Trust", which is the main name for all business purposes and transactions. Within the trust instrument (filed alongside this notice) the trust is invested in Peyton Yates Freiman, a natural person, who will appear in court as the debtor.

In addition to filing a response to the Court's order, the debtor filed Schedules, including Schedules I and J-Current Income and Expenditures of Individual Debtors[1] and a copy of the trust instrument. It did not file a Statement of Financial Affairs. The trust instrument reflects that Charles Edward Lincoln III is both settlor and primary beneficiary of the trust, which provides that it was his desire and intention to create an irrevocable *inter vivos* trust in accordance with the laws of Texas, "whereby Settlor's property will be held in trust and managed by the Trustee with objectively reasonable prudence for Settlor's benefit, by and through Settlor's advice and consent, so long as he is living . . . ." The trust also provided that the Trustee was to pay or apply for the benefit of the Settlor the net income of cash on hand held by the trust in monthly installments.

---

[1] On Schedule J, the debtor listed expenses for food, laundry and dry cleaning, medical expenses, and transportation. It further disclosed net monthly income of $240. The Court observes that a business trust is not required to file Schedules I and J.

2

In view of the foregoing, the Court finds that the Debtor is not a "business trust" within the meaning of 11 U.S.C. § 101(9)(A)(v); that the Debtor failed to file all documents required by the Bankruptcy Code and set forth in the Order to Update dated January 20, 2009, which contains the warning in bold capital letters that failure to file the requested documents may result in the dismissal of the bankruptcy case; and that, even assuming that the debtor were eligible to be a debtor under the Bankruptcy Code as a business trust, the trust has failed to retain counsel in accordance with the requirements MLBR 9010-1(c), which provides that "[a] corporation, partnership or trust, by and through and officer or agent, or a person authorized by a power of attorney, may file a proof of claim or an application for payment of unclaimed monies due such entity, and may be heard on objections to claims or application for payment. Otherwise such entities shall appear only through counsel." Accordingly, the Court hereby dismisses the above captioned case.

By the Court,

*[signature]*

_____
Joan N. Feeney,
United States Bankruptcy Judge

Dated: February 6, 2009