UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re
**CHARLES EDWARD LINCOLN,**                    Chapter 7
    Debtor                                     Case No. 09-10340-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the "Motion to Amend Judgment, for Entry of Specific Findings of Fact & Conclusions of Law Regarding Dismissal of Chapter 7 Case," filed by "Tierra Limpia Trust, Peyton Freiman trustee," on February 19, 2009. The petition that commenced the dismissed Chapter 7 case originally was filed in the name of **"Lincoln, Charles Edward (Peyton Y Freiman Trustee) [sic]."**[1] The debtor stated in the Motion to Amend Judgment that "[a]s required by Rules 59(e) and 9023, this Motion is filed within 10 days of the Court's order dismiss the above cited case." The Motion relates to an order entered by this Court on February 6, 2009, dismissing the debtor's Chapter 7 case on three

---

[1] Additionally, the petition set forth another name used by the debtor within the past eight years: "**Charles Lincoln for Tierra Limpia Trust**." The Court on February 6, 2009 denied a Motion to Amend the voluntary petition to change the name of the debtor as moot.

1

grounds: 1) that it had failed to establish that it was eligible to be a debtor based on the trust instrument it submitted;[2] 2) it failed to comply with an order of the Court;[3] and 3) to the extent the debtor was not, as originally contemplated, an individual debtor, its failure to be represented by counsel in accordance with MLBR 9010-1(c) warranted dismissal.

The debtor seeks reconsideration of the Court's order dismissing the case on a number of grounds. Although it states that the Court erred in finding it was not a business trust for purposes of eligibility, it expresses "a willingness to amend its organization in compliance with any order this Court might deem appropriate to clarify Tierra Limpia's status, nationwide operations, and functionality . . ." to allow the debtor "to better assess what was wrong in its petition, allowing it to correct those mistakes and go on with the Chapter 7 case at some point in the future." Additionally, it submits that the Court erred in finding that it was not a business trust, stating:

> [t]he beneficiary, Charles Lincoln and his trustee, Peyton Freiman act as financial advisors to various clients regarding their real estate. They do this under the Tierra Limpia Trust and make a living doing so. Though the

---

[2] On January 22, 2009, this Court ordered Peyton Freiman and Charles Edward Lincoln to provide a written statement containing the debtor's exact name, as well as a specific description of its form of organization, and a copy of the trust instrument establishing that the trust is an eligible debtor. *See* 11 U.S.C. §§ 101(9)(A)(v) and 109. The trust instrument reflected that Charles Edward Lincoln III is both settlor and primary beneficiary of the trust, and provided that it was his desire and intention to create an irrevocable *inter vivos* trust in accordance with the laws of Texas, "whereby Settlor's property will be held in trust and managed by the Trustee with objectively reasonable prudence for Settlor's benefit, by and through Settlor's advice and consent, so long as he is living . . . ." The trust also provided that the Trustee was to pay or apply for the benefit of the Settlor the net income of cash on hand held by the trust in monthly installments.

[3] It did not file a Statement of Financial Affairs.

2

Debtor does not see how it does not qualify it requests again that the Court tell it what is missing and what it can do to rectify the situation. Debtor, through this motion, submits that it is more than willing to comply with the rules, but, at this point has no idea how it has not done that by the standards of common law and moves for a specific finding of fact regarding the nature and scope of the definition of a "business trust in the confines of Rule 101. [sic]."

The debtor, after referencing a trustee's sale regarding Tierra Limpia Trust property in Idaho, an ownership interest in real property notably absent from Schedule A - Real Property, noted that "[t]he wrongful eviction and foreclosure sale that the debtor avoided so narrowly will happen if the stay is lifted."

## II. DISCUSSION

The Court dismissed the debtor's bankruptcy case on February 6, 2009. The Motion to Amend Judgment was filed on February 19, 2009. As set forth below, the Court rules that, pursuant to Fed. R. Bankr. P. 9006, the Motion is untimely. Accordingly, the Court will enter an order denying the Motion for that reason.

Fed. R. Civ. P. 59, which applies to bankruptcy proceeding because of Fed. R. Bankr. P. 9023, provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Rule 9006(a) applies to the computation of time to file a Motion under Fed. R. Bankr. P. 9023. Rule 9006(a) provides:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. . . .

3

Because the Court dismissed the case of February 6, 2009, the ten day period commenced on February 7, 2009. February 16, 2009 was a federal holiday. Accordingly, the Motion to Amend Judgment, to be timely, had to be filed no later than February 17, 2009. Because it was filed on February 19, 2009, it is untimely. Moreover, Fed. R. Bankr. P. 9006(b) provides that "[t]he court may not enlarge the time for taking action under Rule 1007(d), 2003(a) and (d), 7052, 9023 and 9024." *See* In re Old Summit Mfg., LLC, 324 B.R. 557, 560 (Bankr. M.D. Pa. 2005). *See also* In re Lopez, No. 7-05-14734, 2008 WL 5157675 *3 n.5 (Bankr. D.N.M 2008).

Because the Motion to Amend Judgment is untimely, the Court need not address the other issues rased by Peyton Freiman trustee. Nevertheless, the Court notes that Peyton Freiman, on the debtor's behalf, requests a special exemption from Local Rule 9010-1(c), which requires that corporations, partnerships and business trusts appear only through counsel, with certain limited exceptions not applicable here. The Court finds no circumstances which would warrant an exemption from the requirement of the local rule. Moreover, if, as the debtor suggests, it has the attributes of a corporation, it should be bound by the requirement of MLBR 9010-1(c) to be represented by counsel. To the extent that it was the intention of Charles Edward Lincoln and Peyton Freiman to file the case as a trust, the Court observes that the Motion to Amend, in large part, seeks legal advice from the Court. This impropriety, coupled with the defects in the documents filed prior to the dismissal of the case,[4] compel the Court to unequivocally rejects the request to exempt the

---

[4] For example, the debtor filed Schedules I and J - Current Income and Expenditures of Individual Debtor(s).

4

debtor from the requirements of MLBR 9010-1(c).

### III. CONCLUSION

In accordance with the foregoing, the Court shall enter an order denying the Motion to Amend Judgment.

By the Court,

_____
Joan N. Feeney,
United States Bankruptcy Judge

Dated: March 5, 2009